IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ALVIN CURRY,

    **Plaintiff,**

v.                                                                   Civil Action No. 3:16cv824

TRANS UNION, LLC, *et al.*,

    **Defendants.**

## MEMORANDUM ORDER

Plaintiff Alvin Curry brings this action against Defendants Trans Union, LLC ("Trans Union"), Equifax Information Services, LLC ("Equifax"), Experian Information Services, Inc. ("Experian"), I.Q. Data International, Inc. ("I.Q. Data"), and Greystar Real Estate Partners, LLC ("Greystar") (collectively, "Defendants") alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901, *et seq.*, arising from Curry's termination of a residential lease of an apartment located in the state of Washington.

The Court referred this matter to the Honorable Roderick C. Young, United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Federal Rule of Civil Procedure 72(b). Judge Young filed a Report and Recommendation ("R&R") on April 26, 2017. (ECF No. 42.) Judge Young recommended that:

1) "Greystar's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or in the Alternative, Motion to Transfer Venue, [(the "Greystar Motion")] (ECF No. 22), be denied with regard to the Motion to Dismiss and granted with regard to the Motion to Transfer";

2) "I.Q. Data's Motion to Transfer Venue, [(the "I.Q. Data Motion to Transfer")] (ECF No. 35), be granted"; and,

3) "[T]he entire action be transferred to the Western District of Washington."

(R&R 20, ECF No. 42).

By copy of the Report and Recommendation, each party was advised of the right to file written objections to the findings and recommendations made by Judge Young within fourteen days after being served with a copy of the R&R. 28 U.S.C. § 636(b)(1); (R&R 21). On May 10, 2017, Greystar filed a "Response" to the R&R. (ECF No. 43.) Greystar "object[ed] only to the recommendation of the [M]agistrate [J]udge that its Motion to Dismiss be denied (since personal jurisdiction is lacking and dismissal is a proper remedy)." (Response 1.) Greystar further urged the Court to

> accept and adopt the findings of the Magistrate Judge that this Court lacks personal jurisdiction over Greystar and that Virginia is not an appropriate venue. However, this Court should dismiss Greystar from this action, since personal jurisdiction is lacking and dismissal is the proper remedy. Should the Court not be inclined to dismiss Greystar, the Court should transfer the action in its entirety to the Western District of Washington in accordance with the findings of the Magistrate Judge.

(Response 3.) No other party has filed objections to the R&R, and the time to do so has expired.

The Court has conducted a *de novo* review of the R&R and Greystar's objections. Finding no error, the Court:

1) ADOPTS the findings and recommendations set forth in the R&R, (ECF No. 42);

2) OVERRULES Greystar's objection asking the Court to dismiss Greystar from this action, (ECF No. 43);

3) GRANTS IN PART the Greystar Motion regarding the Motion to Transfer, (ECF No. 22);

4) DENIES IN PART and WITHOUT PREJUDICE the Greystar Motion regarding the Motion to Dismiss, (ECF No. 22);

5) GRANTS the I.Q. Data Motion to Transfer, (ECF No. 35); and,

6) ORDERS that this matter be TRANSFERRED to the United States District Court for the Western District of Washington.

Let the Clerk send a copy of this Order to all counsel of record.

It is so ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: 5/12/17
Richmond, Virginia

3